**Thomas N. MARTIN**

v.

**J. S. GATHRIGHT.**

**Civ. A. No. 67–C–123–A.**

United States District Court
W. D. Virginia,
Abingdon Division.

Dec. 28, 1967.

OPINION and ORDER

DALTON, Chief Judge.

Petitioner, Thomas N. Martin, comes to this court seeking a writ of mandamus pursuant to Title 28 U.S.C. § 1651(a). He alleges that the respondent, Superintendent of the Bland Correctional Farm, acted in excess of his statutory power causing harm to the petitioner which rises to constitutional proportions. A brief review of petitioner's factual allegations is necessary to place his constitutional contentions in the proper perspective.

On August 13, 1967 the petitioner and a fellow inmate succeeded in escaping from the Bland Correctional Farm. At large for only five hours, they were apprehended and returned. The next day petitioner was tried in the Bland County Court on the charge of escape, was convicted and received a sentence of six months. Petitioner apparently has no quarrel with the proceeding conducted in the Bland County Court; he complains, rather, of the additional reprisal enacted by the Superintendent of the Correctional Farm following the conviction in the form of a revocation of his accrued credit of thirty days time for good behavior. This action claims petitioner was in excess of the power of the Superintendent. Further, being ignorant of his rights under the Equal Protection Clause of the Fourteenth Amendment, petitioner argues that he was entitled to have counsel present his case to the Superintendent.

At the outset it must be noted that the writ of mandamus is abolished in the Federal courts by Rule 81, Federal Rules of Civil Procedure. However, since 28 U.S.C. § 1651 continues the power of a court to issue all necessary writs, petitioner's application will be treated as a writ of habeas corpus. So treated, however, and even if his factual allegations are taken as true, the petition does not demonstrate any ground upon which he may be afforded relief.

■■ The Superintendent of the Correctional Farm did not act judicially, as petitioner urges, but rather administratively. Petitioner's escape, while a violation of the laws of the State of Virginia, is equally a violation of the rules of the Correctional Farm. The Superintendent, of course, has not only the right but the duty to see that prison discipline is properly enforced. See Childs v. Pegelow, 321 F.2d 487, 489 (4th Cir. 1963); Roberts v. Pegelow, 313 F.2d 548, 550 (4th Cir. 1963). If a prison superintendent can impose sanctions upon one who causes unrest within the prison commu-

nity, certainly he has the power to castigate one who has attempted or succeeded in escaping.

With respect to petitioner's claim that he was denied counsel, it would be impossible to provide counsel for every prisoner committing an infraction of prison rules and suffice it to say that under the circumstances the lack of counsel is not a constitutional infirmity.

█ Furthermore, it appears that petitioner has made no attempt to exhaust his state remedies and that for this additional reason this court must defer consideration. Accordingly, the petition for a writ of mandamus construed as a petition for a writ of habeas corpus will be denied.

Consonant with the foregoing memorandum, it is

ORDERED

that petitioner is granted leave to proceed in forma pauperis both before this court and, should he desire, on appeal; and, further that his petition be filed.

Petitioner having presented no grounds upon which a writ of habeas corpus can be granted, it is further

ORDERED

that his petition for a writ of mandamus, interpreted by this court as a petition for a writ of habeas corpus, be and the same hereby is denied.

It appearing to the court that the petitioner raises no substantial question, it is further

ORDERED

that, if the petitioner wishes to appeal, an application for a certificate of probable cause will be denied.

If the petitioner wishes to appeal, he must file written notice of appeal with this court within thirty days of the entry of this order and, if he does file such notice, the Clerk of this Court is directed to transmit the record on appeal to the United States Court of Appeals for the Fourth Circuit.

Let the Clerk send a copy of this order to the petitioner and to the respondent.